WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne McIntosh,<br><br>Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.; CitiBank, N.A.,<br><br>Defendants. | No. CV-12-1218-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment. (Doc. 56.) For the following reasons, the Motion is granted.

**BACKGROUND**

This action attempts to stop the allegedly wrongful foreclosure of Plaintiff Wayne McIntosh's home in Arizona and seeks a declaration that McIntosh has unencumbered legal title to the property. McIntosh brought this action in state court against Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and Citibank, N.A., ("Citibank"). The banks removed to this Court, (Doc. 1.), and Citibank has been dismissed, (Doc. 46).

McIntosh has had several different mortgages on his home. The first loan, taken in 1986 and identified by a loan number ending in 0295, (the "1986 Loan") was later paid off. (Doc. 45-5 at 23–28.) The second loan, taken in 1999 and identified by a loan number ending in 8970, (the "1999 Loan") was also paid off. (Doc. 45-6 at 4–14.) The third loan was taken in 2007 (the "2007 Loan") and was originally identified by UBS using a loan number ending in 1674. (Doc. 12-1 at 6–23.) Wells Fargo acquired servicing

rights on the 2007 Loan and assigned it a different Wells Fargo loan number ending in 4028. (Doc. 45-3 at 2–4.)

Various Citi entities were involved with each of these loans. The 1986 Loan was issued by Citicorp Homeowners and the payoff was acknowledged by its successor entity CitiMortgages. (Doc. 45-5 at 23–28; Doc 56 at 2.) The 1999 Loan was issued by Citibank Federal Savings Bank, but the paperwork also lists Citicorp Mortgage (Doc. 45-6 at 4–14.) The 2007 Loan was issued by an unrelated bank and Citibank was only assigned an interest in that loan in 2010. (Doc. 12-1 at 36.)

In 2011, McIntosh filed for bankruptcy and he then had a series of communications with various people at Citibank and CitiMortage. McIntosh was attempting to restructure or reclassify his debt as part of the bankruptcy process. Some of the response letters acknowledge that the 1986 Loan and the 1999 Loan had been paid off. Some indicated that no records could be found regarding the 2007 Loan. Those letters either sought more information from McIntosh in order to find the 2007 Loan, or specifically stated that their acknowledgements regarding the other loans being paid off did not apply to the 2007 Loan because they could not find it.

In denying a Motion to Dismiss, this Court held that McIntosh had stated a claim for either a quiet title or wrongful foreclosure action. (Doc. 32.) Wells Fargo now files a Motion for Summary Judgment. (Doc. 56.) McIntosh opposes that Motion and petitions the Court to reopen discovery and order a mediated settlement conference. (Doc. 61.) The banks are seeking foreclosure based solely on the 2007 Loan. McIntosh does not claim that he ever paid off the 2007 Loan. His argument is that the letters from Citibank and CitiMortgage constitute a waiver or disclaimer of any rights against the property.

## DISCUSSION

**I.     LEGAL STANDARD**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250). Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). If the nonmoving party's opposition fails to specifically cite to materials either in the court's record or not in the record, the court is not required to either search the entire record for evidence establishing a genuine issue of material fact or obtain the missing materials. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028–29 (9th Cir. 2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417–18 (9th Cir. 1988).

## II.     ANALYSIS

Wells Fargo and Citibank previously filed a Motion to Dismiss for failure to state a claim, (Doc. 12), which this Court denied, finding that McIntosh had stated a claim for a quiet title or wrongful foreclosure action, (Doc. 32). Under either theory, the key issue in this case is whether the banks waived any interest they have in McIntosh's property. This Court must accept the evidence McIntosh presents and draw all reasonable inferences in his favor as the nonmoving party.

As noted in the previous order, an action for quiet title in Arizona has always required the mortgage to be paid in full. *See, e.g.*, Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Typically, the plaintiff seeking to have the title quieted will declare and attempt to prove that the plaintiff has paid the mortgage in full. Here, McIntosh instead declares and attempts to prove that the banks have acknowledged that nothing else is owed to them. The wrongful foreclosure action is also based on the theory that the banks have waived their rights to foreclose and not that McIntosh paid off the 2007 Loan.

Here, there is no dispute that McIntosh obtained three different mortgages on his property and eventually paid the first two off. For purposes of this motion, the letters McIntosh presents prove that the title of his home cannot be encumbered by the 1986 Loan or 1999 Loan and no one has a right to foreclose on his home based on those loans. These facts are undisputed, and Wells Fargo does not argue that either bank has any interest in McIntosh's property based on the 1986 Loan or 1999 Loan.

Even if there were a dispute, the 1986 Loan and 1999 Loan are not material because McIntosh does not seek to remove these loans from his title as part of his quiet title action, and the banks do not rely on those mortgages as the basis for their foreclosure attempts. As discussed above, the banks' alleged waiver of a mortgage is the key question in this case, but the question is not about either of these two past mortgages. The only mortgage whose existence is material to this action is the 2007 Loan.

McIntosh has provided multiple letters attempting to establish a genuine dispute as to whether Citibank also waived or disclaimed the 2007 Loan. Even taking the content of

the letters as true and drawing reasonable inference from them, none of these letters could be found by a reasonable jury to establish waiver of the 2007 Loan. A letter stating that a loan cannot be found and asking for additional information is not a waiver. (Doc. 29 at 3.) The follow up letter stating that CitiMortgage has no interest in the property and that the account had been paid in full is limited by the clear reference to the account number from the 1986 Loan and by the fact that, insofar as the Court can tell CitiMortgage never had an interest in the subject loan even if Citibank, a sister corporation, did. (*Id.* at 4.) The returned check and other letter stating that the account has been paid in full again referenced only the account number of the 1986 Loan. (*Id.* at 5.) Finally, the letters from CitiMortgage in 2013 are all about the 1986 Loan and 1999 Loan. (Doc. 44 at 4–7.) Those letters clearly and explicitly state, in underlined and bolded type, that the 2007 Loan cannot be found and that CitiMortgage cannot grant or waive any rights, interests, or obligation regarding that loan. (*Id.*)

There is no genuine dispute about whether Citibank or Wells Fargo, as opposed to CitiMortgage, waived their interest in the 2007 Loan. The record clearly establishes that they did not. The letters provided by McIntosh only act as a waiver or disclaimer by CitiMortgage of the immaterial 1986 Loan and 1999 Loan. None of the letters specifically waive the 2007 Loan and none of them could be reasonably inferred to be a general or unconditional waiver covering all loans.

McIntosh does not claim that he paid off his 2007 Loan. A reasonable jury could not return a verdict for McIntosh because he has provided no evidence relevant to the 2007 Loan. The Motion for Summary Judgment is granted.

McIntosh also asks for the Court to reopen discovery, alleging that he was deceived into inaction during discovery by an offer of settlement or settlement discussions. (Doc. 61 at 3.) However, in its scheduling order in this case, the Court in bold type advises the parties that the Court intends to enforce the deadlines set forth in this Order, that it will not extend the deadlines, absent good cause to do so, and that "[t]he pendency of settlement discussions or the desire to schedule mediation does not

constitute" such good cause in almost all circumstances. (Doc. 39.) The Court declines to reopen discovery and also declines to order a settlement conference as this matter is now terminated.

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment, (Doc. 56), is **granted.**

**IT IS FURTHER ORDERED** that this action shall be terminated and the Clerk of Court shall enter judgment accordingly.

Dated this 6th day of November, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge